[L. A. No. 4891.   Department Two.—May 14, 1919.]

SAMUEL BUFKIN, Respondent, v. JOHN C. CLINE, Sheriff, etc., et al., Appellants.

[1] CLAIM AND DELIVERY — POSSESSION OF HOUSEHOLD FURNITURE — TRANSACTION BETWEEN FATHER AND DAUGHTER — UNWARRANTED SEIZURE UNDER ATTACHMENT.—In this action to recover the possession of household furniture seized under a writ of attachment in an action against the daughter of the plaintiff, it is held the finding on sufficient evidence that the plaintiff was at all times the owner of the property and that the daughter was only entitled to the possession is conclusive, and, therefore, there was no intention to defraud creditors in the transaction by which the daughter redelivered the possession to the plaintiff.

[2] FRAUDULENT TRANSFER—PERSONAL PROPERTY—PROPERTY EXEMPT FROM EXECUTION—CODE PROVISION INAPPLICABLE.—Section 3440 of the Civil Code requiring immediate delivery, followed by an actual and continued change of possession of personal property to effectuate a transfer as against existing creditors, does not apply to property exempt from execution.

APPEAL from a judgment of the Superior Court of Los Angeles County.  H. T. Dewhirst, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

Andrew J. Copp, Jr., for Respondent.

WILBUR, J.—This is an action of claim and delivery. Plaintiff had judgment and defendants appeal.  Defendants

predicate their right to the property in question upon an attachment issued October 14, 1915, against the property of Katherine Van Alstyne, levied by the defendant sheriff upon the property in question on said date. No specific description of the property is contained in the briefs other than in the findings of the court that said property consisted of household furniture and furnishings and bric-a-brac of said household. Respondent's wife died in 1900. At that time the personal property in question was the community property of himself and wife. Respondent's daughter Katherine thereafter married Van Alstyne, and the plaintiff gave the possession of said furniture to her. The property remained continuously in her possession until July 26, 1915, when it was stored in the warehouse of the Bekins Van & Storage Warehouse, and Katherine Van Alstyne executed a bill of sale thereof to plaintiff. The arrangement between the father and daughter under which she retained possession of the furniture is thus found by the court: "On or about the first day of December, 1900, upon the death of said Jane H. Bufkin [plaintiff's wife] plaintiff loaned and delivered the possession of said personal property and the whole thereof to the defendant Katherine Van Alstyne for her use during her life as long as she should desire to use the same, or upon her death or surrender of the property, the title to the same to at once be vested in plaintiff, with the right to the immediate possession thereof, reserving in himself the right to recall and repossess himself of said property, or any part thereof, at any time, and continuously between the first day of December, 1900, and the twenty-sixth day of July, 1915, defendant Katherine Van Alstyne continuously had possession of and used the same in her home as the household furniture of herself and family. On or about the last-mentioned date defendant Katherine Van Alstyne gave up housekeeping, surrendered the possession of said furniture to plaintiff and as evidence of such transfer of title and possession and redelivery, made, executed and delivered to him a bill of sale, bearing date the twenty-sixth day of July, 1915, which was duly recorded July 27, 1915. That on July 26, 1915, plaintiff took possession of said property and that the same has remained in storage with the Bekins Van & Storage Warehouse." The court also found that there was no intention to defraud creditors in connection with the change of owner-

ship and possession July 26, 1915. Appellant contends that the transfer of July 26th was invalid as to the defendant creditors, under the provisions of section 3440 of the Civil Code, requiring immediate delivery, followed by an actual and continued change of possession of personal property to effectuate a transfer as against existing creditors. There are two good and sufficient answers to appellant's claim. [1] First, the court found on sufficient evidence that plaintiff was at all times the owner of the property in question, and that Mrs. Van Alstyne was entitled only to the possession thereof. It is true that there was evidence from which the court might have arrived at an opposite conclusion, but the finding of the trial court is conclusive upon us. The transaction of July 26, 1915, therefore, amounted to nothing more than a surrender by the daughter of her right of possession to her father, the plaintiff. There was, therefore, no attachable interest remaining in her. [2] The second answer to appellant's contention is that section 3440, by express terms, does not apply to property exempt from execution. The provision is as follows: "Provided, however, that the provisions of this section shall not apply to the transfers of wines, etc. . . . nor to any sale, transfer or assignment of any property exempt from execution." The reason for this provision undoubtedly is that creditors can make no claims to property exempt from execution, and its transfer, therefore, should not be deemed fraudulent as to them. Section 690 of the Code of Civil Procedure provides: "The following property is exempt from execution and attachment. . . . 2. Necessary household, table, and kitchen furniture belonging to the judgment debtor, including," etc. The finding of the court that there was no intent to defraud creditors on the part of Katherine Van Alstyne by said transfer may have been based in part at least upon the proposition that the property in question was not subject to execution. This point was not discussed by the parties, and for that reason will not be further discussed.

Judgment affirmed.

Melvin, J., and Lennon, J., concurred.